IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

AVIS ROBINSON   PETITIONER

VS.   CIVIL ACTION NO. 3:14cv921-DPJ-FKB

MISSISSIPPI DEPARTMENT
OF CORRECTIONS   RESPONDENT

## **REPORT AND RECOMMENDATION**

This is an action for a writ of federal habeas corpus filed by Avis Robinson. Presently before the Court is Respondent's motion to dismiss the petition. Robinson has not responded to the motion. Having considered the motion, the undersigned recommends that Respondent's motion be granted.

Robinson entered a plea of guilty to a charge of possession of cocaine in the Circuit Court of Clay County, Mississippi, in 2008 and was sentenced to a term of four years to be followed by four years post-release supervision (PRS). He subsequently was released on parole. Although no specifics dates are available, it appears that while he was on parole, he was sentenced on a federal charge and began serving a federal sentence. In October of 2013, his parole was revoked, and he was sentenced to serve the remainder of his sentence in the custody of the Mississippi Department of Corrections (MDOC), the sentence to run consecutively to the sentence he was currently serving. As a result of the state revocation, the MDOC lodged a detainer against him.

At the time of the filing of his petition, Robinson was in the custody of the Federal Bureau of Prisons and housed at the Federal Correction Complex in Yazoo City,

Mississippi. In his petition, Robinson challenges the detainer lodged by MDOC and its effect on his federal custody. Liberally construed, the petition also challenges the state revocation proceeding. Robinson requests in his prayer for relief that the Court order MDOC to withdraw the detainer, to give him credit on his state sentence for time served, or to run his time on the revocation concurrently with his federal sentence.

Since the filing of his petition, Robinson has been released from federal custody, and he is now in the custody of the MDOC. Thus, any claims regarding his federal incarceration are now moot. As to his claims challenging the revocation proceeding, Robinson has failed to exhaust his state remedies as required by 28 U.S.C. § 2254(b)(1), as he has never sought relief in the state courts.

For these reasons, the undersigned recommends that Robinson's claims challenging his revocation procedure be dismissed without prejudice and that the remainder of his claims be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 20th day of April, 2015.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE